UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID WAYNE SHELL,

          Plaintiff,

vs.                            Case No.   2:07-cv-230-FtM-34SPC

SHANNON L. BROWN, Assistant Public
Defender,

          Defendant.
_____/

### ORDER OF DISMISSAL[1]

This matter comes before the Court upon initial review of Plaintiff's civil rights Complaint form (Doc. #1), filed April 11, 2007.

*Pro se* Plaintiff, who is currently a pre-trial detainee at the Collier County Jail, filed a Complaint against his public defender, Shannon L. Brown (hereinafter "Brown" or "counsel"), who is representing Plaintiff in his pending state criminal trial. Plaintiff alleges that his due process rights have been violated because his appointed counsel has failed to provide effective assistance. Complaint at 8. Specifically, Plaintiff alleges that Brown did not file the necessary motions, failed to conduct a proper investigation into his case, and has failed to depose

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

Plaintiff's witnesses. <u>Id.</u> at 9. As relief, Plaintiff requests that the federal Court remove Brown from the state's Public Defender's Office and expunge her bar licence. <u>Id.</u> at 10.

The Prison Litigation Reform Act requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

A complaint filed *in forma pauperis* that fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. <u>Id.</u> at 325; <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309 (11th Cir. 2002); <u>Bilal v. Driver</u>, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," <u>Nietzke</u>, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); or, when it appears that the

plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Here, Plaintiff's claim is fatally flawed and must be dismissed because the Complaint does not meet the requirements of § 1983. Plaintiff's appointed state defense counsel is not a "person" "acting under of color of state law" for the purposes of § 1983. Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted).

The Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted

against Defendant Brown under any set of facts that could be proved consistent with the allegations in Plaintiff's Complaint. Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Complaint is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 25th day of April, 2007.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record